IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ARKANSAS STATE HIGHWAY COMMISSION                              PLAINTIFF

vs.                              Civil No. 6:09-cv-06033

ARKANSAS MIDLAND RAILROAD COMPANY, INC.,
A DELAWARE CORPORATION, *et al.*                               DEFENDANT

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Arkansas Midland Railroad Co., Inc.'s ("AMR") Motion To Dismiss. (Doc. No. 6).[1] This motion was referred to this Court by the Honorable Robert T. Dawson pursuant to 28 U.S.C. § 636(b)(1). (Doc. No. 11). On May 18, 2009, the Court conducted a hearing on this motion.[2] This matter is now ready for decision.

Plaintiff originally filed a complaint in the Circuit Court of Hot Spring County, Arkansas, requesting, through the power of eminent domain and the police power pursuant to the authority and provisions of Ark. Act 419 of 1953, codified at Ark. Code Ann. §§ 27-67-301 to 321, condemnation of land for highway system improvements.[3] The property Plaintiff seeks to condemn includes property used by Defendants for their railroad operations. On March 26, 2009, the State Circuit Court entered an Order of Possession granting Plaintiff immediate possession of Defendants property which is used for their railroad operations. Defendant AMR responded, in part, by filing a Motion

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."

[2] At this hearing, counsel for Defendant Union Pacific Railroad orally adopted AMR's Motion to Dismiss.

[3] *Ark. State Highway Comm. v. Ark. Midland Railroad Co. Inc.*, Cause No. CV-2009-65-2.

1

to Dismiss the complaint alleging, that because of previous rulings of this Court, "state courts have no jurisdiction over condemnation of property used for railroad purposes."   (Doc. No. 6, ¶ 9).

On April 16, 2009, Defendants properly removed this action to this Court pursuant to 28 U.S.C. § 1441, alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. No. 1). Defendants thus assert that this Court has jurisdiction in this matter.  Because the basis for the Motion to Dismiss, namely the state court's lack of jurisdiction, no longer exists, Defendant's Motion to Dismiss should be denied as moot, without prejudice to file such other dispositive motion pursuant to F.R.C.P. 12 or other authority, as is appropriate.

Accordingly, the undersigned recommends, Defendant AMR's Motion To Dismiss (Doc. No. 6) should be **DENIED** as moot, without prejudice to file such other dispositive motion pursuant to F.R.C.P. 12 or other authority, as is appropriate

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**  *See  Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this  **26th day of May, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE